# EXHIBIT A

Case Number: CACE-23-014294 Division: 13

Filing # 174547520 E-Filed 06/04/2023 07:22:24 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

###### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>ANDRES GIRON</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>KING CABLE CONSTRUCTION CORPORATION, ADRIAN KING</u>
Defendant

###### II.     AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

###### III.     TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>10</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    <u>n/a</u>

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony M Georges-Pierre</u>      Fla. Bar # <u>533637</u>
             Attorney or party                      (Bar # if attorney)

<u>Anthony M Georges-Pierre</u>               <u>06/04/2023</u>
(type or print name)               Date

Case Number: CACE-23-014294 Division: 13

Filing # 174547520 E-Filed 06/04/2023 07:22:24 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ANDRES GIRON,                                                    CASE NO.:_____

     Plaintiff(s),

v.

KING CABLE CONSTRUCTION CORPORATION,
And ADRIAN KING, Individually,

     Defendant(s).

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

COMES NOW, The Plaintiff, DOMINIC ANDRES GIRON, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, files this Civil Action against Defendants, KING CABLE CONSTRUCTION CORPORATION, And ADRIAN KING, Individually, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000.00 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), to recover unpaid minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

1

4.  Defendant, KING CABLE CONSTRUCTION CORPORATION, having its main place of business in, and conducting business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

5.  Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7.  Plaintiff was employed with Defendants from on or about January 1, 2013, to on or about May 1, 2023, as a Machine Assistant, Plumber, and Industrial worker.

8.  Plaintiff complained to management as a result of management's refusal to provide Plaintiff with his paid time off request—Plaintiff had not been provided with paid days off during the six (6) years he worked for Defendants. Plaintiff also complained over his unpaid overtime wages.

9. Plaintiff had worked approximately five (5) hours of overtime weekly, but was only paid for about two (2) hours of overtime per week throughout his time with Defendant.

10. Rather paying Plaintiff's due and owed wages, the Defendant terminated Plaintiff's employment less than two months after Plaintiff's demands for wages.

11. Plaintiff was terminated on May 1, 2023, for objecting to Defendant's failure to compensate Plaintiff him due and owed wages and for reporting the lack of due wages.

2

## COUNT I
### *Wage & Hour Federal Statutory Violation Against KING CABLE CONSTRUCTION CORPORATION*

12. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

13. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

14. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

15. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

16. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business

3

activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

17. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

18. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

19. Defendants never posted any notice, as required by the FLSA, to inform employees of their federal rights to minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

d.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation Against KING CABLE CONSTRUCTION CORPORATION*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

4

21. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

22. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

23. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to her under the FLSA.

24. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
*BREACH OF CONTRACT AGAINST KING CABLE CONSTRUCTION CORPORATION*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

26. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

27. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

<u>**COUNT IV**</u>
*QUANTUM MERUIT AGAINST KING CABLE CONSTRUCTION CORPORATION*
*(In The Alternative)*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

29. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

30. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

31. Defendant accepted Plaintiff's services to Defendant.

32. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the

State of Florida.

33. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

    **WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT V
*UNJUST ENRICHMENT AGAINST KING CABLE CONSTRUCTION CORPORATION*
*(In The Alternative)*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

35. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

36. Defendant has knowledge of the services performed and provided by Plaintiff.

37. Defendant voluntarily accepted the services performed and provided by Plaintiff.

38. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

39. Plaintiff seeks damages for the value of the work performed to Defendant.

    **WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT VI
*Wage & Hour Federal Statutory Violation Against ADRIAN KING*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

7

41. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA. Defendant ADRIAN KING, exhibited control of Defendant KING CABLE CONSTRUCTION CORPORATION at all times material.

42. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

43. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

44. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business

activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

46. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

47. Defendants never posted any notice, as required by the FLSA, to inform employees of their federal rights to minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
*FLSA Retaliation Against ADRIAN KING*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this Complaint as if set out in full herein.

9

49. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

50. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

51. The motivating factor that caused Plaintiff's constructive discharge as described above was Plaintiff's complaints regarding Defendants' unlawful pay practices and Defendants' refusal to pay monies due and owing to her under the FLSA.

52. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

   c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

   d.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

   e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### *BREACH OF CONTRACT AGAINST ADRIAN KING*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

54. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

55. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

   **WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT IX
### *QUANTUM MERUIT AGAINST ADRIAN KING*
### *(In The Alternative)*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

57. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

58. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

59. Defendant accepted Plaintiff's services to Defendant.

60. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

1

61. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT X
### *UNJUST ENRICHMENT AGAINST ADRIAN KING*
### *(In The Alternative)*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 of this Complaint as if set out in full herein.

63. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

64. Defendant has knowledge of the services performed and provided by Plaintiff.

65. Defendant voluntarily accepted the services performed and provided by Plaintiff.

66. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

67. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## JURY DEMAND

68. Plaintiff demands trial by jury of all issues triable as of right by jury.

1

Dated: June 4, 2023

Respectfully submitted,

/s/   _Jorge L. Costa_
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgph.law
**Jorge L. Costa, Esq.** Florida Bar
Florida Bar No.: 1031513
jcosta@rgph.law
**REMER, GEORGES-PIERRE,**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
_Counsel for Plaintiff_

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Filing # 176165600 E-Filed 06/26/2023 05:17:11 PM

CACE-23-014294

**IN THE CIRCUIT COURT OF THE**
**17th JUDICIAL CIRCUIT, IN AND FOR**
**BROWARD COUNTY, FLORIDA**

**ANDRES GIRON,**                              **CASE NO.: CACE-23-014294**

     **Plaintiff,**

v.

**KING CABLE CONSTRUCTION**
**CORPORATION, and**
**ADRIAN KING, individually.,**

     **Defendant.**

_____/

## SUMMONS IN A CIVIL CASE

**TO:** KING CABLE CONSTRUCTION CORPORATION., through its Registered Agent:

KING, ADRIAN
14900 SW 30 ST
278105
MIRAMAR, FL 33027

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE, & HOOGERWOERD PLLC.
2745 PONCE DE LEON BLVD,
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                JUN 29 2023
_____
CLERK                              DATE

_____
(BY) DEPUTY

**BRENDA D. FORMAN**

1

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/26/2023 05:17:09 PM.****

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Florida Profit Corporation
KING CABLE CONSTRUCTION CORP.

**Filing Information**

| | |
|---|---|
| **Document Number** | P12000073975 |
| **FEI/EIN Number** | 46-0884432 |
| **Date Filed** | 08/29/2012 |
| **Effective Date** | 08/25/2012 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

14900 SW 30 ST
278105
MIRAMAR, FL 33027

Changed: 04/30/2023

**Mailing Address**

14900 SW 30 ST
278105
MIRAMAR, FL 33027

Changed: 04/30/2023

**Registered Agent Name & Address**

KING, ADRIAN J
14900 SW 30 ST
278105
MIRAMAR, FL 33027

Name Changed: 09/01/2017

Address Changed: 04/30/2023

**Officer/Director Detail**

**Name & Address**

Title President

Detail by Entity Name

KING, ADRIAN J
14900 SW 30 ST
278105
MIRAMAR, FL 33027

Title VP

KING, ADRIAN J
14900 SW 30 ST
278105
MIRAMAR, FL 33027

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2022 | 04/30/2022 |
| 2022 | 10/27/2022 |
| 2023 | 04/30/2023 |

## Document Images

| | |
|---|---|
| 04/30/2023 -- ANNUAL REPORT | View image in PDF format |
| 10/27/2022 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 04/30/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2021 -- ANNUAL REPORT | View image in PDF format |
| 06/25/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2019 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2018 -- ANNUAL REPORT | View image in PDF format |
| 09/01/2017 -- ANNUAL REPORT | View image in PDF format |
| 08/18/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/03/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/14/2013 -- ANNUAL REPORT | View image in PDF format |
| 08/29/2012 -- Domestic Profit | View image in PDF format |

Filing # 176165600 E-Filed 06/26/2023 05:17:11 PM

CACE-23-014294

**IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA**

**ANDRES GIRON,**                                    **CASE NO.: CACE-23-014294**

      **Plaintiff,**

v.

**KING CABLE CONSTRUCTION
CORPORATION, and
ADRIAN KING, individually.,**

      **Defendant.**

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

ADRIAN KING, individually
14900 SW 30 ST
278105
MIRAMAR, FL 33027

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER, GEORGES-PIERRE, & HOOGERWOERD PLLC.
2745 PONCE DE LEON BLVD,
CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JUN 29 2023
_____
CLERK                              DATE

_____
(BY) DEPUTY

**BRENDA D. FORMAN**                    1

Filing # 180091380 E-Filed 08/21/2023 10:18:46 AM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of BROWARD** | **Circuit Court** |

Case Number: CACE-23-014294

Plaintiff: **ANDRES GIRON,**
vs.
Defendant: **KING CABLE CONSTRUCTION CORPORATION,
And ADRIAN KING, Individually**

ROD2023000203

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 15th day of July, 2023 at 9:55 am to be served on **ADRIAN KING, 14900 SW 30TH STREET, MIRAMAR, FL 33027**.

I, PETER LEON, do hereby affirm that on the **17th day of August, 2023** at **11:30 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **ADRIAN KING** at the alternate address of: **2424 SW 162ND AVE, MIRAMAR, FL 33027,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
7/24/2023  10:05 am  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Covered car parked in driveway.
7/25/2023  3:00 pm  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Covered car parked in driveway. Unable to read tags.
8/16/2023  12:30 pm  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Neighbor not home. Covered car without tags parked in driveway.
8/17/2023  11:30 am  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 Served Adrian King at his home address. After I explained what I was serving him, he would not take service documents so I placed them on the ground at the front door. White GMC pickup parked in driveway. Unable to read tags.

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

**PETER LEON**
#1273

**Due Process, LLC
PO BOX 612576
MIAMI, FL 33261
(305) 916-0757**

Our Job Serial Number: ROD-2023000203

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

Filing # 180091380 E-Filed 08/21/2023 10:18:46 AM

## RETURN OF SERVICE

| State of Florida | County of BROWARD | Circuit Court |
|---|---|---|

Case Number: CACE-23-014294

ROD2023000202

Plaintiff: **ANDRES GIRON,**
vs.
Defendant: **KING CABLE CONSTRUCTION CORPORATION,**
**And ADRIAN KING, Individually**

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 15th day of July, 2023 at 9:55 am to be served on **KING CABLE CONSTRUCTION CORPORATION., THROUGH ITS REGISTERED AGENT KING, ADRIAN, 14900 SW 30TH STREET, MIRAMAR, FL 33027**.

I, PETER LEON, do hereby affirm that on the **17th day of August, 2023** at **11:30 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **ADRIAN KING** as **REGISTERED AGENT** for **KING CABLE CONSTRUCTION CORPORATION., THROUGH ITS REGISTERED AGENT,** at the address of: **2424 SW 162ND AVE, MIRAMAR, FL 33027,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
7/24/2023  10:05 am  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Covered car parked in driveway.
7/25/2023  3:00 pm  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Covered car parked in driveway. Unable to read tags.
8/16/2023  12:30 pm  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 No answer at door. No lights on inside house. Neighbor not home. Covered car without tags parked in driveway.
8/17/2023  11:30 am  Attempted service at 2424 SW 162ND AVE, MIRAMAR, FL 33027 Served Adrian King at his home address. After I explained what I was serving him, he would not take service documents so I placed them on the ground at the front door. White GMC pickup parked in driveway. Unable to read tags.

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

PETER LEON

**PETER LEON**
#1273

**Due Process, LLC**
**PO BOX 612576**
**MIAMI, FL 33261**
**(305) 916-0757**

Our Job Serial Number: ROD-2023000202

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/21/2023 10:18:44 AM.****