UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61708-CIV-COHN/HUNT

ANDRES GIRON,

   Plaintiff,

v.

KING CABLE CONSTRUCTION CORPORATION, and ADRIAN KING individually,

   Defendants.

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW, Defendants, KING CABLE CONSTRUCTION CORPORATION and ADRIAN KING, (hereinafter referred to as "Defendants"), by and through their undersigned counsel hereby file their Answer to Plaintiff's Complaint and Affirmative Defenses:

## GENERAL ALLEGATIONS

1. Paragraph 1 is admitted that Plaintiff purports to bring an action pursuant to the FLSA. All other allegations and inferences are denied.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted to the extent that Plaintiff is a covered employee for the purposes of the FLSA. All other allegations and inferences are denied.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. It is admitted that Plaintiff worked for Defendants as a general laborer, all other allegations and inferences are denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

## COUNT I

12. Paragraph 12 re-adopts previous allegations and therefore, no response is required. All other allegations and inferences are denied.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Defendants admit that annual gross revenues exceeded $500,000 per annum, all other inferences and allegations are denied in Paragraph 15.

16. Paragraph 16 is admitted.

17. Paragraph 17 makes legal conclusions; therefore, no response is required. All other allegations and inferences are denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

## COUNT II

20. Paragraph 20 re-adopts previous allegations and therefore, no response is required. All other allegations and inferences are denied.

21. Paragraph 21 recites the FLSA and therefore, no response is required. All other

allegations and inferences are denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

## COUNT III

25. Paragraph 25 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

## COUNT IV

28. Paragraph 28 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 states a legal cause, therefore, no response is required. All other allegations and inferences are denied.

## COUNT V

34. Paragraph 34 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 makes legal conclusions of Plaintiff which no response can be provided. All other allegations and inferences are denied.

## COUNT VI

40. Paragraph 40 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

41. Paragraph 41 makes legal conclusions of Plaintiff and therefore no response is required. Defendants admit that Adrian King exhibits control over King Cable Construction.

42. Paragraph 42 is admitted.

43. Defendants admit to annual gross revenue, all other inferences and allegations are denied in Paragraph 42.

44. Paragraph 44 is admitted.

45. Paragraph 45 states intentions of Plaintiff and therefore no response is required. All other allegations and inferences are denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

## COUNT VII

48. Paragraph 48 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

49. Paragraph 49 recites the FLSA and therefore, no response is required. All other allegations and inferences are denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

## COUNT VIII

53. Paragraph 53 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

## COUNT IX

56. Paragraph 56 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 states intentions of Plaintiff and therefore, no response is required. All other allegations and inferences are denied.

## COUNT X

62. Paragraph 62 re-adopts previous allegations from paragraphs 1-11 only and therefore, no response is required. All other allegations and inferences are denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67.     Paragraph 67 makes legal conclusions and therefore, no response is required. All other allegations and inferences are denied.

## JURY DEMAND

68.     Paragraph 68 calls for a Jury Trial and no response is required.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.      Defendants' alleged violation, if any, was not willful in nature, and the cause of action should only accrue for two years from the filing of the Complaint. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations under the Statute of Limitations, 29 U.S.C. § 255.

2.      Defendants acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing they where not in violation of the FLSA.

3.      Any acts or omissions with regard to pay practices related to Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA; accordingly, liquidated damages are not appropriate.

4.      Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

5.      The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which he performed no work, including, vacation and/or sick leave, worker's compensation leave, or otherwise was absent from the workplace during that week, including, during holidays, missing meetings and other

functions attended voluntarily.

6. Defendants are not liable for hours which Plaintiff failed to report and for hours which were not known to have been worked by Plaintiff.

7. Plaintiff's claims for Breach of Contract, Quantum Meruit and Unjust Enrichment against both Defendants are preempted by the FLSA and therefore, should be dismissed. *Bule v. Garda CL Se., Inc.,* 14-21898-civ, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014). Plaintiff seeks the same unpaid wages pursuant to the FLSA as he seeks in his counts for Breach of Contract, Quantum Meruit and Unjust Enrichment. The FLSA provides the exclusive remedy for unpaid wages and therefore preempts Counts III, IV, V, VII, IX, and X.

8. Defendants' employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate business reasons, and were based upon reasonable factors other than Plaintiff's alleged complaint. Plaintiff's employment was terminated for legitimate business reasons unrelated to any complaints.

9. Plaintiff would have been terminated regardless of any complaints because of legitimate business reasons.

10. Defendants state that all actions it took with regard to Plaintiff's employment were taken for legitimate reasons unrelated to any complaints or retaliatory purpose.

11. Defendants state that assuming, *arguendo,* its actions with regard to Plaintiff's employment are found to be motivated whole or in part by Plaintiff's complaints, or any other protected activity, it would have them the same employment actions for reasons unrelated to any retaliatory purpose.

12. Plaintiff failed to make a valid protected expression.

13. Plaintiff failed to make a protected act that is subject to the anti-retaliation

provision.

14. Plaintiff's claims are barred because Plaintiff's termination was not pretextual, but rather, Defendant had several legitimate business reasons for Plaintiff's termination, all of which were entirely unrelated to Plaintiff's alleged complaints.

15. Plaintiff has a duty to mitigate his alleged damages, if any, and on information and belief, Plaintiff has not satisfied that mitigation duty, so his damages, if any, should be barred or limited.

16. Defendant is not liable for any acts or omissions of its managers/executives which were beyond the scope of his/her employment.

17. Plaintiff is not entitled to monetary relief due to after acquired evidence which provides grounds for termination of employment.

18. Plaintiff may not recover both liquidated damages and prejudgment interest under the FLSA.

19. Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable by a jury as a matter of right.

**WHERFORE,** Defendants, KING CABLE CONSTRUCTION CORPORATION and ADRIAN KING, respectfully request that the Court dismiss the Complaint in its entirety, enter a judgment in their favor and award costs incurred in the defense of this action, together with any other relief this Honorable Court deems just and necessary.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF to Jorge L. Costa of Remer, Georges-Pierre, & Hoogerwoerd, PLLC at jcosta@rgph.law on this 14th day of September, 2023.

| | |
|---|---|
| */s/ Eddy Marban* | */s/ Elee Dammous* |
| EDDY O. MARBAN, ESQ. | ELEE E. DAMMOUS, ESQ. |
| Florida Bar No. 435960 | Florida Bar No. 1044043 |
| **THE LAW OFFICES OF** | **DAMMOUS LAW PLLC** |
| **EDDY O. MARBAN** | 14100 Palmetto Frontage Rd. Suite 370 |
| 2655 S. LeJeune Road, Suite 804 | Miami Lakes, Florida, 33016 |
| Coral Gables, Florida 33134 | Telephone: (833)-326-6687 |
| Telephone: (305) 448-9292 | Email: elee@dammouslaw.com |
| Email: ea@eddymarbanlaw.com | *Attorney for Defendants'* |
| *Attorney for Defendants'* | |